Filed 8/4/14  P. v. Gonzalez CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER GONZALEZ,<br><br>    Defendant and Appellant. | B251907<br><br>(Los Angeles County<br>Super. Ct. No. KA101670) |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge.  Affirmed.

Laurie Wilmore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Alexander Gonzalez was charged with one count of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(1), one count of criminal threats in violation of section 422 and one count of violating a court order within the meaning of section 273.6. He was convicted, following a jury trial, of violating a court order and of the lesser offense of simple assault in violation of section 240, both misdemeanors. The jury acquitted appellant of the criminal threats charge. The trial court sentenced appellant to three years formal probation on the condition, inter alia, that he serve 180 days in county jail, which amounted to time served. The court found that appellant had violated his probation in another misdemeanor case, which is not part of this appeal. Probation was reinstated in that case.

Facts

On February 22, 2013, appellant's mother, Bertha Gonzalez, sought and obtained a criminal protective order against appellant. The court ordered that appellant have no contact with Bertha, directly or through a third party, and not come within 100 yards of Bertha.

According to Bertha, she obtained this order for her son's safety, not her own. Bertha believed that Alexander was mentally ill and used drugs. She had tried and failed to get an emergency observational hold placed on appellant pursuant to Welfare and Institutions Code section 5150. Law enforcement officers told Bertha her best course of action was to get a restraining order against appellant so that they could place appellant under arrest if necessary.

On April 23, 2013, Bertha called 911. She told the 911 operators that appellant had grabbed a knife and had threatened her with it. The incident occurred inside Bertha's trailer home, and Bertha fled outside to make the call. A recording of the 911 call was played for the jury.

Los Angeles County Sheriff's Deputy Jason Perkins responded to the 911 call, and spoke with Bertha. According to the deputy, Bertha said that she had agreed to give appellant a ride to Bertha's sister's house to pick up a pair of shoes. During the car ride,

2

appellant became upset with Bertha.  When they got back to Bertha's trailer, appellant told her to pack her belongings and leave.  Bertha gathered some belonging from the bedroom.  When she came out of the bedroom, appellant was holding a kitchen knife.  Appellant knocked Bertha's belongings out of her hands, pointed the knife at her and said, "I'm going to kill you."  Appellant also said that if Bertha did not leave, he would kill her or himself.  She left.

At the preliminary hearing, Bertha testified that appellant took her bag and threw all her belongings on the floor, was holding a small kitchen knife and said, "If you don't leave, I'm going to stab you. . . ."

At trial, Bertha gave a different account of the events of April 23, and minimized or denied appellant's actions.  Bertha was impeached with her preliminary hearing testimony.  She admitted she embellished her story and lied during the 911 call in order to get help for appellant.  Her intent in calling 911 was to get appellant to the hospital and under a Welfare and Institutions Code section 5150 hold.

Discussion

The preliminary hearing in this matter occurred on May 14, 2013, the information was filed on May 28, 2012 and appellant's trial began on July 24, 2013.  The trial lasted about one day.  The only witnesses were Bertha and Deputy Perkins.  Jurors reached a verdict on the morning of July 25, 2013.

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal.  Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On March 14, 2014, we sent a notice to appellant, advising him he had 30 days in which to personally submit any contentions or issues which he wished us to consider.  No response has been received from appellant to date.

3

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

MOSK, Acting P. J.

KRIEGLER, J.

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.